# JOSÉ AVALO SANCHEZ, Plff.,

*v.*

# CONCEPCION VEVE Y DIAZ ET AL., Dfts.

San Juan, Law, No. 480.

### COSTS BEFORE TRIAL ON REVERSAL.

Reversal—Previous Costs.

    1. Where the supreme court directs that costs be collected by execution, this process must be seasonably applied, and the trial court will not delay the retrial if a long time has elapsed and no execution has been sought.

New Trial—Previous Costs.

    2. The usual practice of courts is not to grant a new trial without payment of costs of the previous trial, so that, before the losing party can retry the merits, he must put his opponents and the court officers *in statu quo* as to costs. If the supreme court directs a writ of execution of costs, this court will construe this as meaning payment of costs before a new trial.

New Trial—Security for Costs.

    3. No security for future costs will be exacted in connection with an application for payment of costs accrued. If the latter are paid, there could be no inference as to inability for the future; if not paid, there will be no future costs.

Opinion filed December 28, 1914.

*Mr. Charles Hartzell* for motion.

*Messrs. Savage & Francis,* contra.

HAMILTON, Judge, delivered the following opinion:

This case was reversed by the supreme court December 2,

Sanchez v. Veve y Diaz.

1912, the mandate says: "On consideration whereof, it is now here ordered and adjudged by this court that the judgment of the said district court in this cause be, and the same is hereby, reversed with costs; and that the said defendants recover against the said plaintiff, José Avalo Sanchez, $513.25 for their costs herein expended and have execution therefor. And it is further ordered that this cause be, and the same is hereby, remanded to the said district court for further proceedings in conformity with the opinion of this court."

This court has previously directed that this case be placed upon the trial docket, and now the motion is made by the defendants that "plaintiff be required to pay all costs accrued in this case, before proceeding to a new trial thereof, and further, that he be required to furnish security for the costs which may hereafter accrue."

1. It has been previously decided by this court in the case of Didrickson v. American R. Co. 6 Porto Rico Fed. Rep. 478, that where the supreme court directs costs to be collected by execution, the court will not delay a trial for the collection of costs when a long time has elapsed and no execution has been applied for. Such, however, is not the case at present. In the case at bar execution was duly issued and has been returned no property. The defendant, therefore, is not in default in any way, and the simple question is presented whether a reversed case will be tried with the old costs still outstanding.

2. The usual practice of all courts is not to grant a new trial without payment of costs of the previous trial, on the theory that, if the losing party desires to test his rights again on the merits, he must first put his opponent and the court officers *in statu quo* by paying the costs which have accrued. An appel-

VII. Porto Rico—26.

late court may vary this rule as it sees proper, but in the case at bar it has not varied the rule. So far from doing so it has, in the very mandate which the court has construed as directing a new trial, directed that the defendants shall be reimbursed their costs, and the defendants have pursued the course indicated for the collection of these costs, but without avail. The supreme court did not intend a vain thing. It did not mean the defendant could only have a writ of execution, but meant that he should have his costs. The two go together and are mutual conditions. This court sees no reason why the usual practice should not be observed, and declines to set the case for trial until the costs adjudged by the supreme court have been made good.

3. The motion goes further and asks that under Rule 16 security be given for future costs. The plaintiff claims that Rule 16, adopted before the Porto Rico Code of Civil Procedure of 1904, has been modified by § 342, which contains no provision as to security for future costs in case of financial inability. The matter of costs, however, is one in which the conformity statute (Revised Statutes, § 914, Comp. Stat. 1914, § 1537) does not apply. Foster, Fed. Pr. 5th ed. § 453. However, it does not seem necessary to decide finally this part of the motion at present. If the plaintiff does not pay the costs that have accrued, there will be no necessity for considering those which are yet to accrue, because there will be no trial, and practically no costs. On the other hand, if he does pay the costs adjudged by the supreme court, there would be no proof before the court of his inability to respond in future. In fact the inference would be that he could respond.

It follows, therefore, that the motion must be granted so

far as to require plaintiff to pay all costs adjudged by the supreme court before proceeding to a new trial, but it is refused as to requiring him to furnish security for future costs; the right, however, is reserved to the defendants to renew this latter application in future, if it should appear necessary.

It is ordered that the first part of the motion is granted, and the rest is denied.